**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **DELVIN L. BALDWIN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | **CIVIL ACTION NUMBER:** |
| v. ) | **2:08-cv-00013-MEF-CSC** |
| ) | |
| **HYUNDAI MOTOR** ) | |
| **MANUFACTURING ALABAMA, LLC,** ) | |
| ) | |
| Defendant. ) | |

## ANSWER

Defendant Hyundai Motor Manufacturing Alabama, LLC, through undersigned counsel, responds as follows to the allegations set forth in the Complaint (Doc. 1) of Plaintiff Delvin L. Baldwin.

**I.   Response to Plaintiff's Statement of the Case**

1. The allegations contained in paragraph 1 of Plaintiff's Complaint do not require response from Defendant. However, to the extent such allegations may be interpreted to infer that Defendant unlawfully discriminated or retaliated against Plaintiff in any manner, such allegations are expressly denied.

**II.   Response to Plaintiff's Allegations Regarding Jurisdiction and Venue**

2. Admitted.

3. Defendant admits that Plaintiff filed two EEOC Charges, Nos. 420-2007-03136 and 420-2006-04994. Defendant further admits that Right-to-Sue notices have been issued regarding both EEOC Charges. Defendant is unaware of any condition precedent required under either the

FMLA or 42 U.S.C. § 1981 and, therefore it cannot respond to such an allegation as stated. Defendant further notes that no Exhibit "A" was attached to Plaintiff's Complaint. Therefore, Defendant is without information sufficient to form a belief regarding the truth of the remaining allegations contained in paragraph 3 of Plaintiff's Complaint and denies them.

4.     Defendant admits Plaintiff's allegations regarding jurisdiction and venue. Defendant denies that any "unlawful employment practices" occurred and therefore denies the remaining allegations contained in paragraph 4 of Plaintiff's Complaint.

### III.     Response to Plaintiff's Allegations Regarding Parties

5.     Admitted.

6.     Defendant denies it is an Alabama corporation and pleads that it is a limited liability company formed under the laws of the State of Delaware. With this correction, Defendant admits the remaining allegations contained in paragraph 6 of Plaintiff's Complaint.

### IV.     Response to Plaintiff's Alleged Statement of Facts

7.     Admitted.

8.     Defendant pleads that Plaintiff worked on the Chassis Final Four team, and as a team member, rotated between the first and second shifts every three to four months. Defendant denies that Plaintiff was permanently assigned to the second shift. With these corrections, Defendant admits the remaining allegations contained in paragraph 8 of Plaintiff's Complaint.

9.     Admitted.

10.     Admitted.

11.     Admitted.

12.     Admitted.

13.   Defendant admits that it employed Steve Whittington, a white male, as a group leader and that Mr. Whittington was Plaintiff's immediate supervisor.

14.   Defendant admits that Plaintiff provided a written complaint regarding alleged racial discrimination.  Defendant denies the remaining allegations contained in paragraph 14 of Plaintiff's Complaint.

15.   Denied.  Defendant pleads that Mr. Nice was employed as an Assistant Manager in its General Assembly department.

16.   Denied.

17.   Admitted.

18.   Defendant pleads Marcus Hannah, a black male, was employed as a Team Relations representative.  With this correction, Defendant admits the allegations contained in paragraph 18 of Plaintiff's Complaint.

19.   Defendant admits that a meeting took place; however, denies that a "team relations conference room" exists.  All conference rooms are used by all departments.  With this correction, Defendant admits the material allegations contained in paragraph 19 of Plaintiff's Complaint.

20.   Denied.

21.   Denied.

22.   Defendant admits Plaintiff informally requested to transfer to its Production Control department.  Defendant denies the remaining allegations contained in paragraph 22 of Plaintiff's Complaint.

23.   Defendant pleads that, on March 21, 2007, Plaintiff voluntarily accepted a reassignment from the "F4 Line" to the "F2 Line" and that this reassignment was to be effective on March 26,

2007.  Defendant denies the remaining allegations contained in paragraph 23 of Plaintiff's Complaint.

24.    Denied.

25.    Denied.

26.    Denied.

27.    Denied.

28.    Defendant pleads that Mr. Bowman reported an incident regarding Plaintiff's threats of violence to Team Relations.  Defendant denies the remaining allegations contained in paragraph 28 of Plaintiff's Complaint.

29.    Denied.

30.    Defendant admits that, in April, 2006, Plaintiff was temporarily assigned to serve as "floater."

31.    Defendant admits that a floater may fill in for absent employee, but denies that a floater is assigned Team Leader responsibilities.  Defendant denies the remaining allegations contained in paragraph 31 of Plaintiff's Complaint.

32.    Admitted.  Defendant further pleads that a "floater" is not assigned Team Leader responsibilities.

33.    Defendant pleads that, on March 3, 2006, Plaintiff voluntarily requested reassignment from floater to a fixed rotation position.  With this correction, Defendant admits the allegations contained in paragraph 33 of Plaintiff's Complaint.

34.    Denied.

35. Defendant pleads that Plaintiff visited its on-site medical clinic on March 28, 2007. Defendant is without information sufficient to form a belief regarding the truth of the remaining allegations contained in paragraph 35 of Plaintiff's Complaint and therefore denies them.

36. Defendant is without information sufficient to form a belief regarding the truth of the allegations contained in paragraph 36 of Plaintiff's Complaint and therefore denies them.

37. Admitted.

38. Defendant is without information sufficient to form a belief regarding the truth of the allegations contained in paragraph 38 of Plaintiff's Complaint and therefore denies them.

39. Defendant is without information sufficient to form a belief regarding the truth of the allegations contained in paragraph 39 of Plaintiff's Complaint and therefore denies them.

40. Defendant is without information sufficient to form a belief regarding the truth of the allegations contained in paragraph 40 of Plaintiff's Complaint and therefore denies them.

41. Defendant is without information sufficient to form a belief regarding the truth of the allegations contained in paragraph 41 of Plaintiff's Complaint and therefore denies them.

42. Defendant is without information sufficient to form a belief regarding the truth of the allegations contained in paragraph 42 of Plaintiff's Complaint and therefore denies them.

43. Defendant is without information sufficient to form a belief regarding the truth of the allegations contained in paragraph 43 of Plaintiff's Complaint and therefore denies them.

44. Defendant is without information sufficient to form a belief regarding the truth of the allegations contained in paragraph 44 of Plaintiff's Complaint and therefore denies them.

45. Defendant is without information sufficient to form a belief regarding the truth of the allegations contained in paragraph 45 of Plaintiff's Complaint and therefore denies them.

46.     Defendant is without information sufficient to form a belief regarding the truth of the allegations contained in paragraph 46 of Plaintiff's Complaint and therefore denies them.

47.     Defendant is without information sufficient to form a belief regarding the truth of the allegations contained in paragraph 47 of Plaintiff's Complaint and therefore denies them.

48.     Defendant is without information sufficient to form a belief regarding the truth of the allegations contained in paragraph 48 of Plaintiff's Complaint and therefore denies them.

49.     Defendant is without information sufficient to form a belief regarding the truth of the allegations contained in paragraph 49 of Plaintiff's Complaint and therefore denies them.

50.     Defendant is without information sufficient to form a belief regarding the truth of the allegations contained in paragraph 50 of Plaintiff's Complaint and therefore denies them.

51.     Admitted.

52.     Defendant is without information sufficient to form a belief regarding the truth of the allegations contained in paragraph 52 of Plaintiff's Complaint and therefore denies them.

53.     Defendant admits that Plaintiff's complete FMLA application was received on April 9, 2007. Defendant is without information sufficient to form a belief regarding the truth of the remaining allegations contained in paragraph 53 of Plaintiff's Complaint and therefore denies them.

54.     Defendant is without information sufficient to form a belief regarding the truth of the allegations contained in paragraph 54 of Plaintiff's Complaint and therefore denies them.

55.     Defendant is without information sufficient to form a belief regarding the truth of the allegations contained in paragraph 55 of Plaintiff's Complaint and therefore denies them.

56.     Defendant is without information sufficient to form a belief regarding the truth of the allegations contained in paragraph 56 of Plaintiff's Complaint and therefore denies them.

57. Defendant is without information sufficient to form a belief regarding the truth of the allegations contained in paragraph 57 of Plaintiff's Complaint and therefore denies them.

58. Defendant is without information sufficient to form a belief regarding the truth of the allegations contained in paragraph 58 of Plaintiff's Complaint and therefore denies them.

59. Defendant is without information sufficient to form a belief regarding the truth of the allegations contained in paragraph 59 of Plaintiff's Complaint and therefore denies them.

60. Defendant is without information sufficient to form a belief regarding the truth of the allegations contained in paragraph 60 of Plaintiff's Complaint and therefore denies them.

61. Defendant admits Plaintiff's termination letter is signed by Wendy Warner and is dated April 10, 2007. Defendant is without information sufficient to form a belief regarding the truth of the remaining allegations contained in paragraph 61 of Plaintiff's Complaint and therefore denies them.

62. Defendant admits that it approved Plaintiff's application for intermittent FMLA leave, from March 9, 2007 through April 30, 2007. Defendant is without information sufficient to form a belief regarding the truth of the remaining allegations contained in paragraph 62 of Plaintiff's Complaint and therefore denies them.

63. Defendant admits the allegations contained in paragraph 63 of Plaintiff's Complaint. Defendant further pleads that violation of its policy against workplace violence contains no progressive component.

64. Admitted. Defendant further pleads that application of its progressive discipline policy has no relevance to the events which led to Plaintiff's termination.

65. Admitted.

66. Denied.

**IV.     Response to Count One: Alleged Title VII Disparate Treatment**

67.     Defendant adopts and incorporates all of its previous responses, as if set forth in full herein.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Defendant is without information sufficient to form a belief regarding the truth of the allegations contained in paragraph 71 of Plaintiff's Complaint and therefore denies them. Defendant further denies Plaintiff is entitled to any of the relief requested in paragraph 71 of his Complaint.

**V.     Response to Count Two: Alleged Title VII Retaliation**

72.     Defendant adopts and incorporates all of its previous responses, as if set forth in full herein.

73.     Defendant denies that Plaintiff opposed unlawful employment practices and/or engaged in statutory protected activity as defined by Title VII.

74.     Denied.

75.     Denied.

76.     Defendant is without information sufficient to form a belief regarding the truth of the allegations contained in paragraph 76 of Plaintiff's Complaint and therefore denies them. Defendant further denies Plaintiff is entitled to any of the relief requested in paragraph 76 of his Complaint.

**VI.     Response to Count III: Alleged § 1981 Race Discrimination**

77.     Defendant adopts and incorporates all of its previous responses, as if set forth in full herein.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Defendant is without information sufficient to form a belief regarding the truth of the allegations contained in paragraph 81 of Plaintiff's Complaint and therefore denies them. Defendant further denies Plaintiff is entitled to any of the relief requested in paragraph 81 of his Complaint.

**VII.    Response to Count Four: Alleged § 1981 Retaliation**

82.     Defendant adopts and incorporates all of its previous responses, as if set forth in full herein.

83.     Denied.

84.     Denied. Defendant further denies Plaintiff is entitled to any of the relief he seeks in paragraph 84 of his Complaint.

**VIII.   Response to Count Five: Alleged FMLA Interference**

85.     Defendant adopts and incorporates all of its previous responses, as if set forth in full herein.

86.     Denied.

87.     Denied. Defendant further denies Plaintiff is entitled to any of the relief he seeks in

**IX.    Response to Count Six: Alleged FMLA Retaliation**

88.    Defendant adopts and incorporates all of its previous responses, as if set forth in full herein.

89.    Denied.

90.    Denied. Defendant further denies that Plaintiff is entitled to any of the relief he seeks in paragraph 90 of his Complaint.

**X.    Additional Defenses**

### FIRST DEFENSE

91.    The Complaint fails in whole or in part to state a claim upon which relief can be granted. Defendant specifically challenges whether Plaintiff can state a retaliation cause of action under 42 U.S.C. § 1981.

### SECOND DEFENSE

92.    With regard to any allegations in the Complaint that involve incidents or actions by Defendant alleged to have occurred or that in fact did occur more than 180 days prior to Plaintiff's filing of a charge with the EEOC, said filing was untimely, and the conditions precedent for suit have not been satisfied under Title VII.

### THIRD DEFENSE

93.    As discovery proceeds, Defendant reserves the right to raise the defense that the Plaintiff has failed to satisfy the statutory conditions precedent to suit under any applicable statute.

## FOURTH DEFENSE

94. Upon discovery of sufficient facts, Defendant reserves the right to raise the defense of "unclean hands" or "after-acquired evidence."

## FIFTH DEFENSE

95. Plaintiff has failed to mitigate his damages.

## SIXTH DEFENSE

96. Although Defendant denies Plaintiff's race or supposed exercise of civil rights were determinative or substantial motivating factors in any adverse employment action which may be found to have occurred, if Plaintiff demonstrates that such protected characteristic was such a factor, in the case of each such decision or alleged adverse employment action, Defendant will show that the same decision would have been reached regardless of the Plaintiff's protected characteristic.

## SEVENTH DEFENSE

97. With regard to any allegations in the Complaint alleging discriminatory or retaliatory practices of Defendant not specifically contained in the charge that Plaintiff filed with the EEOC or not set out in said charge with the particularity necessary to give Defendant proper notice of the date, place and circumstances of the particular practices alleged to be discriminatory, the conditions precedent for suit under Title VII have not been satisfied.

## EIGHTH DEFENSE

98. At all times relevant to this suit, Defendant maintained a policy prohibiting unlawful harassment, discrimination or retaliation and allowing Plaintiff to seek redress of any alleged

harassing, discriminatory or retaliatory treatment. Plaintiff failed to make any timely complaint of such alleged treatment, and Plaintiff's claims against the Defendant are thereby barred.

## NINETH DEFENSE

99. All actions taken in regards to the Plaintiff were based upon legitimate, non-discriminatory and non-retaliatory reasons.

## TENTH DEFENSE

100. Defendant denies that it has consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the Plaintiff or has been guilty of any conduct which entitles the Plaintiff to recover punitive and/or liquidated damages.

## ELEVENTH DEFENSE

101. Defendant avers that any award of punitive and/or liquidated damages to the Plaintiff in this case would be in violation of the constitutional safeguards provided to the defendant under the Constitution of the United States of America.

## TWELFTH DEFENSE

102. The Plaintiff cannot establish prima facie cases of discrimination, FMLA interference or retaliation.

## THIRTEENTH DEFENSE

103. Even if Plaintiff could state a prima facie case of discrimination, FMLA interference or retaliation, he cannot establish that the Defendant's legitimate, non-discriminatory reasons for its

actions were a pretext for an intent to discriminate or retaliate against him on the basis of his membership in a protected class or his exercise of his civil rights.

### FOURTEENTH DEFENSE

104. To the extent Plaintiff's allegations might be interpreted to raise an unlawful harassment claim, Plaintiff is barred as a matter of law from recovering for a hostile work environment or harassment based claim because Defendant exercised reasonable care to prevent and promptly correct any harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

### FIFTEENTH DEFENSE

105. Plaintiff is not entitled to compensatory damages because any emotional distress or mental anguish he allegedly suffered was caused by occurrences other than conduct for which the Defendant is liable as a matter of law.

### SIXTEENTH DEFENSE

106. Punitive damages are not available because the actions alleged in the Complaint were contrary to the Defendant's policies and good faith efforts to comply with the laws.

### SEVENTEENTH DEFENSE

107. No action of the defendant proximately caused any injury or damage allegedly suffered by the Plaintiff.

**EIGHTEENTH DEFENSE**

108.    The Plaintiff's compensatory and punitive damages claims under Title VII are subject to the limitations imposed by 42 U.S.C. § 1981a.

**NINETEENTH DEFENSE**

109.    Some or all of the Plaintiff's claims may be barred by the doctrines of estoppel or waiver.

**TWENTIETH DEFENSE**

110.    Plaintiff's employment with Defendant was "at will" and, as such, his employment could be terminated for a good reason, a bad reason, or no reason. See Roy O. Bell v. South Central Bell, 564 So. 2d 45 (Ala. 1990).

**TWENTY-FIRST DEFENSE**

111.    Plaintiff is barred from establishing a claim under the FMLA because his conduct failed to comply with statutory requirements.

**TWENTY-SECOND DEFENSE**

112.    Plaintiff cannot prove he engaged in any conduct "opposing any practice made unlawful" by 29 U.S.C. § 2601, et seq.

**TWENTY-THIRD DEFENSE**

113.    Plaintiff has not engaged in any of the protected conduct described in 29 U.S.C. § 2615(b).

**TWENTY-FOURTH DEFENSE**

114. There is no causal connection between protected conduct displayed by the Plaintiff and his termination, and there is no evidence of animus by the Defendant against Plaintiff for the exercise of any right protected by 29 U.S.C. § 2601, et seq.

**TWENTY-FIFTH DEFENSE**

115. Plaintiff's claims are barred by the doctrine of laches to the extent he unreasonably delayed filing his Charges of Discrimination with the EEOC and/or otherwise timely sought relief.

**WHEREFORE**, having fully answered the Plaintiff' Complaint, Defendant respectfully requests that the Plaintiff' Complaint be forthwith dismissed and Defendant awarded fees and expenses incurred in the defense of this frivolous and vexatious action.

/s/ J. Trent Scofield

J. Trent Scofield (SCO-024)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: trent.scofield@odnss.com

Attorney for Defendant Hyundai Motor Manufacturing Alabama, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of February, 2008, I electronically filed the foregoing *ANSWER* on behalf of Defendant Hyundai Motor Manufacturing Alabama, LLC with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: John D. Saxon and Carolyn N. Lam.

/s/ J. Trent Scofield
J. Trent Scofield (SCO-024)
T. Scott Kelly (KEL-053)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
E-mail: trent.scofield@odnss.com