IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **DELVIN L. BALDWIN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 2:08-CV-00013-MEF-CSC |
| | ) |
| **HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

**JOINT REPORT OF THE PARTIES' PLANNING MEETING**

Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on March 13, 2008 between Carolyn N. Lam, one of the attorneys for plaintiff Delvin L. Baldwin, and J. Trent Scofield, one of the attorneys for defendant Hyundai Motor Manufacturing Alabama, LLC.

1.  **Description of Claims and Defenses**:

    (a)   By the plaintiff: Delvin L. Baldwin, the Plaintiff, asserts that the Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("**TITLE VII**") on the basis of race; the Civil Rights Act of 1866, as amended; 42 U.S.C. § 1981 ("**§ 1981**") on the basis of race; and the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.* ("**FMLA**"), on the basis of interference and retaliation.

1

(b) By the defendant: Defendant denies that it has committed any violations under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("**TITLE VII**") on the basis of race; the Civil Rights Act of 1866, as amended; 42 U.S.C. § 1981 ("**§ 1981**") on the basis of race; and the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq*. ("**FMLA**"), on the basis of interference and retaliation.

**2.    Pre-Discovery Disclosures**:

The parties will exchange by *April 10, 2008* the information required by Fed. R. Civ. P. 26(a)(1).

**3.    Discovery Plan**:

The parties jointly propose to the Court the following discovery plan:

(a) Topics: Discovery will be needed on the following subjects: the allegations of the plaintiff's complaint, alleged damages, and the defendant's defenses.

(b) Discovery Deadline: All discovery commenced in time to be completed by *November 15, 2008*.

(c) Interrogatories: Maximum of *25 interrogatories*, including subparts, by each party to any other party. Responses are due 30 days after service.

(d)     Requests for Admission:  Maximum of *25 requests for admission*, including subparts, by each party to any other party.  Responses are due 30 days after service.

(e)     Requests for Production:  Maximum of *25 requests for production*, including subparts, by each party to any other party.  Responses are due 30 days after service.

(f)     Depositions:  Maximum of *5 depositions* per party.  Each deposition is limited to a maximum of 7 hours unless extended by agreement of the parties.

(g)     Supplementation:  Supplementation under Rule 26(e) due within 30 days of knowledge of the need to supplement but not later than 30 days prior to the completion of discovery.

(h)     Experts:  Unless modified by stipulation of the parties, the disclosure of expert witnesses, including a complete report under Fed. R. Civ. P. 26(a)(2)(B) from any specially retained or employed expert are due:

        From the plaintiff by:     *July 1, 2008*

        From the defendant by:   *August 1, 2008*

(i)     Electronically Stored Information: To the extent it exists, relevant, non-privileged electronic information will be produced by the parties in either PDF or hardcopy format, to enable the parties to exchange discoverable information

without undue burden or costs. A requesting party may obtain relevant, non-privileged electronic information in a format other than PDF or hardcopy only upon agreement by the parties or a showing of substantial need to the Court for such information in that format. The parties will agree to the entry of an order regarding claims of privilege or of protection with respect to the inadvertent production of any privileged material that will allow the producing party to reclaim such inadvertently produced document and will further require that such party produce a privilege log as to any such document.

**4.** **Other Items**:

(a) Scheduling Conference: The parties do not request a scheduling conference prior to the entry of a Scheduling Order.

(b) Pretrial Conference: The parties request a pretrial conference thirty (30) days after the Court rules on any dispositive motions.

(c) Pleadings and Parties: Plaintiff should be allowed until *May 15, 2008* to add additional parties or amend the pleadings. Defendant should be allowed until *June 15, 2008* to add additional parties or amend the pleadings.

(d) Dispositive Motions: All potentially dispositive motions must be filed by *December 15, 2008*.

4

(e) Witness and Exhibit Lists: Final lists of witnesses and exhibits under Rule 26(a)(3) should be due from the parties on or before thirty (30) days prior to the trial setting. The parties should have fourteen (14) days after service of final witnesses and exhibits to list objections under Rule 26(a)(3).

(f) Settlement: Settlement cannot be evaluated prior to the parties conducting some discovery. At that time, the parties will confer regarding whether the use of mediation would be beneficial.

(g) Trial: This case should be ready for trial by *February 2009* and at this time is expected to last 2-3 days.

Signed this 13th day of March 2008.

s/ Carolyn N. Lam
Carolyn N. Lam
Attorney for Plaintiff
**JOHN D. SAXON, P.C.**
2119 Third Avenue North
Birmingham, Alabama 35203
Telephone: (205) 324-0223

s/ J. Trent Scofield
J. Trent Scofield
Attorney for Defendant
**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**
One Federal Place, Suite 1000
Birmingham, Alabama 35203
Telephone: (205) 714-4422