**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **DELVIN L. BALDWIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NUMBER:** |
| **v.** | ) | **2:08-cv-00013-MEF-CSC** |
| | ) | |
| **HYUNDAI MOTOR MANUFACTURING** | ) | |
| **ALABAMA, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MOTION TO COMPEL**

COMES NOW Defendant Hyundai Motor Manufacturing Alabama, LLC ("HMMA" or "Defendant"), and pursuant to Rule 37 of the Federal Rules of Civil Procedure, moves the Court to enter an order compelling Plaintiff Delvin L. Baldwin to provide his initial disclosures as required by Rule 26 of the Federal Rules of Civil Procedure and to provide his responses to written discovery requests propounded by HMMA. In support of its motion, HMMA states as follows:

1.    The parties filed their Joint Report of Parties' Planning Meeting on March 13, 2008. (Exhibit A) Pursuant to that Report, the parties' initial disclosures pursuant to Rule 26(a)(1), Fed. R. Civ. P., were due to be exchanged on or before April 10, 2008. Counsel for the parties agreed to extend that deadline by seven days, making the initial disclosures due on April 17, 2008. (Exhibit B)

2.     On March 14, 2008, HMMA served its First Interrogatories and Requests for Production of Documents.  (Exhibit C)  Pursuant to Rules 6(d), 33 and 34, Fed. R. Civ. P., Plaintiff's responses were due on or before April 16, 2008.

3.     To date, Plaintiff has not provided either his initial disclosures or his responses to HMMA's initial discovery requests.  Both are now more than one month overdue.

4.     Counsel for HMMA has attempted to resolve this matter informally.  On April 25, 2008, counsel for HMMA wrote to counsel for Baldwin to advise that Baldwin's responses were overdue and to request that they be furnished within ten (10) days.  (Exhibit D)

5.     On May 7, 2008, counsel for HMMA wrote again to counsel for Baldwin to request that the disclosures and discovery responses be provided.  (Exhibit E)  In that letter, counsel for HMMA advised that HMMA would file a motion to compel if responses were not provided by May 19, 2008.  To date, counsel for HMMA has received no response from counsel for Plaintiff.

WHEREFORE, premises considered, Defendant Hyundai Motor Manufacturing Alabama, LLC, respectfully requests that the Court enter an Order compelling Plaintiff Delvin L. Baldwin to provide his initial disclosures as required by Rule 26(a)(1), Fed. R. Civ. P., and also to provide his responses to the Interrogatories and Requests for Production previously served on him by HMMA.

Respectfully submitted,

s/Christopher A. Mixon
J. Trent Scofield (SCO-024)
Christopher A. Mixon (MIX-007)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.

One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: trent.scofield@odnss.com
E-mail: christopher.mixon@odnss.com
Attorneys for Defendant Hyundai Motor
Manufacturing Alabama, LLC

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon Plaintiff's counsel via the CM/ECF electronic filing system on this the 28th day of May, 2008, which will serve a copy on the following counsel of record:

John D. Saxon
Carolyn N. Lam
John D. Saxon, P.C.
2119 Third Avenue North
Birmingham, AL 35203


s/ Christopher A. Mixon
OF COUNSEL

6375392.1

3

# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **DELVIN L. BALDWIN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **2:08-CV-00013-MEF-CSC** |
| | ) |
| **HYUNDAI MOTOR** | ) |
| **MANUFACTURING** | ) |
| **ALABAMA, LLC,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

### JOINT REPORT OF THE PARTIES' PLANNING MEETING

Pursuant to <u>Fed. R. Civ. P.</u> 26(f), a meeting was held on March 13, 2008 between Carolyn N. Lam, one of the attorneys for plaintiff Delvin L. Baldwin, and J. Trent Scofield, one of the attorneys for defendant Hyundai Motor Manufacturing Alabama, LLC.

**1.    Description of Claims and Defenses:**

(a)    By the plaintiff: Delvin L. Baldwin, the Plaintiff, asserts that the Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* (**"TITLE VII"**) on the basis of race; the Civil Rights Act of 1866, as amended; 42 U.S.C. § 1981 (**"§ 1981"**) on the basis of race; and the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.* (**"FMLA"**), on the basis of interference and retaliation.

1

(b)    By the defendant: Defendant denies that it has committed any violations under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("**TITLE VII**") on the basis of race; the Civil Rights Act of 1866, as amended; 42 U.S.C. § 1981 ("**§ 1981**") on the basis of race; and the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq*. ("**FMLA**"), on the basis of interference and retaliation.

2.    **Pre-Discovery Disclosures**:

The parties will exchange by ***April 10, 2008*** the information required by Fed. R. Civ. P. 26(a)(1).

3.    **Discovery Plan**:

The parties jointly propose to the Court the following discovery plan:

(a)    Topics:    Discovery will be needed on the following subjects: the allegations of the plaintiff's complaint, alleged damages, and the defendant's defenses.

(b)    Discovery Deadline:  All discovery commenced in time to be completed by ***November 15, 2008***.

(c)    Interrogatories:  Maximum of ***25 interrogatories***, including subparts, by each party to any other party.  Responses are due 30 days after service.

(d)    Requests for Admission:  Maximum of *25 requests for admission*, including subparts, by each party to any other party.  Responses are due 30 days after service.

(e)    Requests for Production:  Maximum of *25 requests for production*, including subparts, by each party to any other party.  Responses are due 30 days after service.

(f)    Depositions:  Maximum of *5 depositions* per party.  Each deposition is limited to a maximum of 7 hours unless extended by agreement of the parties.

(g)    Supplementation:   Supplementation under Rule 26(e) due within 30 days of knowledge of the need to supplement but not later than 30 days prior to the completion of discovery.

(h)    Experts:  Unless modified by stipulation of the parties, the disclosure of expert witnesses, including a complete report under <u>Fed.</u> <u>R.</u> <u>Civ.</u> <u>P.</u> 26(a)(2)(B) from any specially retained or employed expert are due:

From the plaintiff by:    *July 1, 2008*

From the defendant by:    *August 1, 2008*

(i)    Electronically Stored Information: To the extent it exists, relevant, non-privileged electronic information will be produced by the parties in either PDF or hardcopy format, to enable the parties to exchange discoverable information

3

without undue burden or costs. A requesting party may obtain relevant, non-privileged electronic information in a format other than PDF or hardcopy only upon agreement by the parties or a showing of substantial need to the Court for such information in that format. The parties will agree to the entry of an order regarding claims of privilege or of protection with respect to the inadvertent production of any privileged material that will allow the producing party to reclaim such inadvertently produced document and will further require that such party produce a privilege log as to any such document.

4.    **Other Items**:

(a)    Scheduling Conference:   The parties do not request a scheduling conference prior to the entry of a Scheduling Order.

(b)    Pretrial Conference:  The parties request a pretrial conference thirty (30) days after the Court rules on any dispositive motions.

(c)    Pleadings and Parties:  Plaintiff should be allowed until *May15, 2008* to add additional parties or amend the pleadings.  Defendant should be allowed until *June 15, 2008* to add additional parties or amend the pleadings.

(d)    Dispositive Motions:  All potentially dispositive motions must be filed by *December 15, 2008*.

(e)    Witness and Exhibit Lists:  Final lists of witnesses and exhibits under

Rule 26(a)(3) should be due from the parties on or before thirty (30) days prior to

the trial setting.  The parties should have fourteen (14) days after service of final

witnesses and exhibits to list objections under Rule 26(a)(3).

(f)    Settlement:  Settlement cannot be evaluated prior to the parties

conducting some discovery.  At that time, the parties will confer regarding whether

the use of mediation would be beneficial.

(g)    Trial:  This case should be ready for trial by *February 2009* and at

this time is expected to last 2-3 days.

Signed this 13th day of March 2008.

s/ Carolyn N. Lam _____          s/ J. Trent Scofield _____
Carolyn N. Lam                           J. Trent Scofield
Attorney for Plaintiff                   Attorney for Defendant
**JOHN D. SAXON, P.C.**                  **OGLETREE, DEAKINS, NASH,**
2119 Third Avenue North                  **SMOAK & STEWART, P.C.**
Birmingham, Alabama 35203                One Federal Place, Suite 1000
Telephone: (205) 324-0223                Birmingham, Alabama 35203
                                         Telephone: (205) 714-4422

# Exhibit B

# Ogletree Deakins

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*Attorneys at Law*

One Federal Place
1819 Fifth Avenue North, Suite 1000
Birmingham, AL 35203-2118
Telephone: 205.328.1900
Facsimile: 205.328.6000
www.ogletreedeakins.com

CHRISTOPHER A. MIXON
DIRECT DIAL (205) 714-4408
E-MAIL: Christopher.Mixon@odnss.com

April 10, 2008

## *VIA FACSIMILE & U.S. MAIL*

Carolyn N. Lam, Esq.
John D. Saxon, P.C.
2119 Third Avenue North
Birmingham, Alabama 35203

      **Re:** **Delvin L. Baldwin v. Hyundai Motor Manufacturing Alabama, LLC**

Dear Carolyn:

This letter will confirm our telephone conversation yesterday afternoon. We agreed to extend the deadline for exchanging initial disclosures by seven (7) days, making the new deadline for the exchange of disclosures April 17, 2008.

We look forward to working with you as this case moves forward.

                Very truly yours,

      OGLETREE, DEAKINS, NASH, SMOAK, & STEWART, P.C.

                Christopher A. Mixon

CAM/jhd

  cc:    J. Trent Scofield, Esq.

Atlanta • Austin • Birmingham • Bloomfield Hills • Charleston • Charlotte • Chicago • Cleveland • Columbia • Dallas • Greensboro • Greenville • Houston • Indianapolis • Jackson • Kansas City
Los Angeles • Memphis • Miami • Morristown • Nashville • Philadelphia • Phoenix • Pittsburgh • Raleigh • St. Louis • St. Thomas • San Antonio • San Francisco • Tampa • Torrance • Tucson • Washington

# Exhibit C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **DELVIN L. BALDWIN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **CIVIL ACTION NUMBER:** |
| **v.** | )      **2:08-cv-00013-MEF-CSC** |
| | ) |
| **HYUNDAI MOTOR MANUFACTURING** | ) |
| **ALABAMA, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## DEFENDANT HYUNDAI MOTOR MANUFACTURING
## ALABAMA, LLC'S FIRST INTERROGATORIES AND
## REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

COMES NOW Defendant Hyundai Motor Manufacturing Alabama, LLC ("HMMA"), pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, and propounds the following interrogatories and requests for production upon Plaintiff Delvin L. Baldwin ("Plaintiff"):

## INTRODUCTION

(a)     Each discovery request seeks information available to Plaintiff, his attorneys or agents, and all persons acting on his behalf.  Each discovery request shall be deemed to be continuing in the manner provided by law.

(b)     If any document, or identification of any document, is withheld under a claim of privilege, in order that the Court and the parties may determine the validity of the claim of privilege, Plaintiff should provide sufficient information to determine the identity of the document and, as well, state the basis for any asserted claim of privilege.

1

(c)    If Plaintiff objects to part of a discovery request and refuses to answer that part, he should state his objection and answer the remaining portion of that discovery request.  If Plaintiff objects to the scope or time period of a discovery request and refuses to answer for that scope or time period, he should state his objection and answer the discovery request for the scope or time period Plaintiff believes is appropriate.

(d)    If any of the following discovery requests cannot be answered in full after exercising due diligence to obtain the information, Plaintiff should so state and answer to the extent possible, specifying the inability to answer the remainder, and setting forth the information that is available concerning the unanswered portions.  If the answers are qualified in any particular, the details of such qualification should be set forth.

(e)    These discovery requests are of an ongoing nature, and should you acquire additional information responsive to these discovery requests, your response shall be updated to include the additional information, pursuant to the provisions of Rule 26(e)(1) & (e)(2) of the Federal Rules of Civil Procedure.

## DEFINITIONS

For purposes of these discovery requests and as used herein, the following words shall have, and be construed with reference to, the following meanings and definitions:

(a)    "Communication" means any e-mail, correspondence, contact, discussion, or written or oral exchange between any two or more persons.  Without limiting the foregoing, the term "communication" includes all letters, memoranda, telephone conversations, face-to-face conversations, meetings, visits and conferences.

(b)    "Date" shall mean the exact day, month and year, if ascertainable, or, if not, the best approximation (including relationship to other events).

(c)    "Document" and "documents" shall mean all documents subject to discovery under the Federal Rules of Civil Procedure, and shall include, without limitation, every original and non-identical copy of each and every paper, writing (including blind copies), letter, telegram, teletype, telex, telecopy, facsimile transmission, electronic data transmission, drawing, picture, photograph, negative, slide, movie, film, visual or audio transcription or record, memorandum, sketch, charter, report, note (including, but not limited to, notes used to prepare any letter, memorandum, report, or other document as herein defined), contract, agreement, change order, form, worksheet, memorandum or tape recording of telephone conversation, phone records or billing statements, witness (including, but not limited to, potential witness) statement, transcript, memorandum pertaining to witness (including, but not limited to, potential witness) interview, sound recording, sound recording transcription, engineering study, cross section, plan, expert analysis, computer printout, diary, journal, ledger, work memorandum, report of investigation and/or inspection, file memorandum, brochure, book, microfilm, tape, videotape, magnetic storage medium, exhibit, attachment, draft, certificate, chart, table, testimony, transcript of testimony, affidavit, printed or readable material, and any other means of storage and/or transmission of human intelligence.

(d)    "Electronic data transmission" and "electronic data transmissions" include, but are not limited to, all e-mail messages, e-mail attachments, digitally transmitted images, computer facsimiles, computer scanned images and/or text, internet downloaded data or any other type of electronically transmitted material (see Notice at p. 4 infra).

(e)    "Facts" include, but are not limited to, events, transactions, and occurrences, the location of such events, transactions, or occurrences, all of which relate to, concern, or are concerned with, in any way whatsoever, directly or indirectly, the discovery request subject.

(f)    "Identify" when used in reference to a natural person shall mean to state his or his full name and current, or last known, residence address and telephone number, current employer, and current business address; when used with respect to a document (as herein defined), "identify" means to state the date, subject or substance, author, all recipients, type of document (e.g., letter, telegram, memorandum, computer printout, sound reproduction chart, etc.), its present location and the identity of each or its current custodians, and shall include every document with respect to which a privilege is or may be claimed; when used with respect to a communication (as herein defined), "identify" means to state the date, time and place each communication was made, the address and phone number of every party and witness who were present, witnessed, or overheard such communication, and any documents (including recordings) relating to such communications.

(g)    "Person" or "individual" includes individuals, corporations, firms, sole proprietorships, partnerships, associations, trusts, and governmental agencies, bodies and officials.

(h)    "Relating to" means regarding, concerning, involving, in connection with, reflecting, referring to and/or appertaining to.

(i)    "You" and "your" shall mean Delvin L. Baldwin, or any persons, entities, agents, or representatives acting or purporting to act for or on his behalf.

(j)    The term "this case" or "this litigation" means the above styled case, bearing Civil Action No. **2:08-cv-00013-MEF-CSC.**

**NOTICE:** When a request calls for an "electronic data transmission" or "electronic data transmissions," please produce a hard copy of same, as well as copy on electronic medium (CD, DVD, diskette, etc.) and identify same apart from other produced documents.

4

## INTERROGATORIES

1.    Please state your full name (and every name you have ever been known by), date and place of birth, social security number, telephone number, present home address, and driver's license state and number.

2.    Please list every address at which you have resided in the last five (5) years, and the length of residence at each address.

3.    Please list all electronic mail accounts and/or addresses that you have used or have been assigned to you since May 9, 2005.  Your answer should include both your full electronic mail address and the name of the associated internet service provider.

4.    Please identify all persons having knowledge, directly or indirectly, of relevant facts concerning the issues, claims and defenses in this lawsuit, and with respect to each such person, please set forth those facts of which the person has knowledge.  This request is not limited to the witnesses who will testify on your behalf at trial, but necessarily includes identification of such witnesses.  This list should include last known addresses and telephone numbers.

5.    Identify every person, other than your attorneys, with whom you have mentioned, discussed, or communicated in any way about this lawsuit or the claims made in this lawsuit and identify every document evidencing such communication.

6.    Please identify every lawsuit or claim, including any divorce proceeding, in which you have participated or are currently participating whether as a witness, party, expert, or other type of participant; and with respect to each lawsuit, please state the nature of your participation in the legal proceedings and the style of the case, including the name of the court and jurisdiction where the case was filed.

7.    Please identify any and all documents you contend support or rebut your claims in this action, including but not limited to, every document of which you are aware that reflects in any way the damages suffered by you related to your claims in this lawsuit, or in the alternative, attach a copy of each document to your response to these discovery requests.

8.    Please identify every complaint of discrimination, retaliation, or harassment filed with the Equal Employment Opportunity Commission, or the Office of Federal Contract Compliance, or any other governmental agency by you, alleging gender, age, race, disability, or any other form of discrimination or harassment, and with respect to each such complaint listed, please include the name of the party against whom it was filed, the agency with which complaint was filed, date of the complaint, nature of the discrimination, retaliation, or harassment alleged, and the outcome of the complaint.

9.    Identify all persons, firms or corporations, for whom you have worked from 1996 to the present, including any that you worked for after working for HMMA, and further state or identify with particularity and specificity the name and address of each employer, your job title(s), dates employed, pay rate, immediate supervisor, and reason for leaving employment.

10.    Identify any person from whom you or anyone acting on your behalf, has obtained a written, recorded, or oral statement concerning or relating to the events alleged in your complaint, and state the date on which such statement was obtained and who has possession of each such statement.

11.    Please identify (by name, address, telephone number and any business affiliation) all doctors, psychiatrists, practitioners of the healing arts, osteopaths, chiropractors, psychologists, counselors, therapists, or other health professionals or providers of health services from whom you have sought or received treatment, advice, therapy or counseling within the past

6

ten (10) years; and for each, state the condition for which you were treated, advised or counseled, and on what date or dates you were treated, advised or counseled.

12.     Identify each person you expect to call as an expert at the trial of this action, and state the substance of that person's expected testimony, including the subject matter of the expert's testimony, and any facts or factual assumptions upon which the expert is expected to rely in giving any such opinion in this case.

13.     If you have contacted (or any attorney, investigator or other person acting on your behalf has contacted) any current or former employee of HMMA in connection with this lawsuit, please state with respect to each such person, his or his name, address and telephone number, the date, time, place and means of communication, the substance of detail of any such communication, and describe any and all documents in which communications with such persons are described or referenced.

14.     Please identify the name and job title of all employees of HMMA to whom you complained and/or reported any of the allegations contained in your Complaint (including, without limitation, information concerning any events, occurrences, incidents or statements, and any damages you may claim) and, for each such complaint and/or report, please provide the date of the complaint, the substance of the communication by you, and describe any and all documents in which communications with such persons are described or referenced.

15.     Please state whether you currently, or at any time in the past, created or maintained a diary, journal, notebook, log, appointment book, calendar, videotape, audiotape, or similar documents concerning your employment with HMMA, or which are otherwise relevant to your claims against HMMA.

16.     Please describe each and every fact you contend supports your belief that

7

Defendant was discriminatory towards you on the basis of your race, interfered with your rights under the Family and Medical Leave Act (hereinafter "FMLA"), or retaliated against you for any reason or in any way; and for each fact, please identify each and every act by an employee of HMMA that was discriminatory or retaliatory, including the date and place of the incident, the substance of any communication that related to your race or your request for leave under the FMLA, all witnesses to the incident, all documents related to the incident, and when and to whom you reported the incident.

17.    Identify by name any person you contend was similarly situated to you that you contend was treated more favorably by HMMA.

18.    Please identify the name, address, and telephone number of each entity or company with whom you have applied for employment, or from whom you have sought employment during or subsequent to your employment with HMMA; and for each entity or company, specify the date of each application and/or interview, and the identity of the person to whom you submitted the application or had an interview.

19.    Provide a separate statement of each item of damage claimed, including a brief description of the item of damage, the dollar amount claimed, and the method or formula used to compute the amount, including the time period over which the amount was computed.  If the dollar amount of any item of damage is not yet known, state the method or formula by which you contend such amount should be computed, and the time period over which you contend such sum should be computed.

20.    State whether you have received any income of any kind since April 10, 2007, from any source, including but not limited to income received from HMMA, self employment, unemployment, disability, workers compensation or social security benefits, pension or annuity,

8

alimony or other court-ordered payments. For each source of income provided, please include the date received, and total amount of income received.

21.    If you have ever been arrested or convicted of a crime other than a traffic violation, but including any DUIs, identify the alleged crime, date of arrest, the court hearing the case, case number, jurisdiction, and outcome of the proceeding.

22.    If you have, or anyone on your behalf has, ever filed for bankruptcy protection, identify the date of each such filing, the place where the filing was made, the lawyer representing you, if any, and the case number.

23.    Identify all attorneys, law firms, and/or any other person or entity you consulted regarding your representation in this action, including but not limited to the date on which you first spoke to such attorney, law firm, person, or entity regarding your representation in this action.

24.    Identify by name, address, and occupation all of your living relatives (including your spouse, grandparents, parents, siblings, children, aunts, uncles and cousins, and all of their spouses) who are over the age of 18 and who reside in any county in the Middle District of Alabama (includes: Autauga, Barbour, Bullock, Butler, Chambers, Chilton, Coffee, Coosa, Covington, Crenshaw, Dale, Elmore, Geneva, Henry, Houston, Lee, Lowndes, Macon, Montgomery, Pike, Randolph, Russell, and Tallapoosa counties).

25.    Identify any documents that you have withheld from production, based on a claim of any type of privilege, in response to Defendant's Requests for Production of Documents. For each such document provide an explanation of the basis for asserting that a privilege applies.

## REQUESTS FOR PRODUCTION

1.    Produce all documents containing, evidencing, referring to or relating to

communications (whether written or oral) between you and/or any agent acting on your behalf and HMMA, and/or any of its agents and employees, concerning or relating in any way to your claims in the subject action.

2.    Produce copies of any recordings of any type of any communications, or documents (including phone records) reflecting such communications, involving you and/or any agent acting on your behalf, and HMMA, and/or any agent acting on its behalf, and/or any employees or former employees of HMMA or otherwise relating to or concerning your claims in the subject action.

3.    Produce all documents identified or referenced in responding to HMMA's First Interrogatories to Plaintiff.

4.    Produce all documents provided to any expert witness whom you expect to call at trial.

5.    Produce all documents containing, evidencing, or referring to any of your efforts to mitigate your damages, including, but not limited to, any correspondence you have sent to any employer seeking employment.

6.    Produce a copy of all pleadings in any lawsuit previously filed by or against you in the last fifteen years.

7.    Produce every document which evidences, refers or relates to communications between you and any other individual, other than the parties to this lawsuit and your lawyers, with whom you have discussed or consulted about the subject of this lawsuit.

8.    Produce each and every document which supports or relates to your claims for damages in this lawsuit.

9.    Produce any and all documents and/or medical records reflecting medical

treatment, consultation or examination of any kind by any medical doctor, psychologist, psychiatrists, therapists, counselor and/or any other health care provider for whatever condition for the five year period preceding the filing of this lawsuit through the date of trial, or otherwise related to any person or organization identified in response to Interrogatory #10.  To the extent that the documents are not within Plaintiff's possession at this time, Plaintiff is requested to provide HMMA with a release sufficient to permit the documents to be obtained from his health care providers and produce them to HMMA.

10.    Produce any and all documents reflecting prescription medications taken by you in the last five (5) years.

11.    Produce any and all reports, correspondence or memoranda from any experts retained by you concerning your claims in this lawsuit.

12.    Produce any journals, diaries or any handwritten (or otherwise) notes made by you, or which relate to or memorialize the allegations made in the Complaint or your employment with HMMA.

13.    Produce all federal and state tax returns which you have filed during the years 2004, 2005, 2006, and 2007, and any W2 forms issued to you pertaining to any of the aforesaid years.

14.    Produce any and all documents and/or materials received during your employment with HMMA.

15.    Produce copies of any and all employee evaluations, disciplinary, and/or counseling forms received within the last ten years from any employer, including HMMA.

16.    Produce a copy of any document that you intend to introduce or refer to at the trial of this case.

17.     Produce any other documents not encompassed by any other request above which reflect or relate to each, any and all of your factual allegations and/or purported claims against HMMA or any other matter alleged in or related to any allegation in your Complaint.

Respectfully submitted,

J. Trent Scofield (SCO-024)
Christopher A. Mixon (MIX-007)
T. Scott Kelly (KEL-053)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: trent.scofield@odnss.com
E-mail: christopher.mixon@odnss.com
E-mail: scott.kelly@odnss.com

Attorneys     for     Defendant     Hyundai     Motor Manufacturing Alabama, LLC

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon Plaintiff's counsel by placing a copy of the same in the United States Mail, first-class postage prepaid and properly addressed as follows, on this the 14th day of March, 2008.

John D. Saxon
Carolyn N. Lam
John D. Saxon, P.C.
2119 Third Avenue North
Birmingham, AL 35203

OF COUNSEL

12

# Exhibit D

# Ogletree
# Deakins

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*Attorneys at Law*

One Federal Place
1819 Fifth Avenue North, Suite 1000
Birmingham, AL 35203-2118
Telephone: 205.328.1900
Facsimile: 205.328.6000
www.ogletreedeakins.com

**CHRISTOPHER A. MIXON**
DIRECT DIAL:  (205) 714-4408
E-MAIL:  Christopher.Mixon@ogletreedeakins.com

April 25, 2008

Carolyn N. Lam, Esq.
John D. Saxon, P.C.
2119 Third Avenue North
Birmingham, AL 35203

**Re:**    **Delvin L. Baldwin v. Hyundai Motor Manufacturing Alabama, LLC**

Dear Carolyn:

This letter will serve as a reminder that we have not received your initial disclosures or discovery responses. We would appreciate your sending them within 10 days. Thank you for your attention to this matter.

Very truly yours,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

Christopher A. Mixon, Esq.

CAM/jhd

cc:    J. Trent Scofield, Esq.

Atlanta • Austin • Birmingham • Bloomfield Hills • Charleston • Charlotte • Chicago • Cleveland • Columbia • Dallas • Greensboro • Greenville • Houston • Indianapolis • Jackson • Kansas City
Los Angeles • Memphis • Miami • Morristown • Nashville • Philadelphia • Phoenix • Pittsburgh • Raleigh • St. Louis • St. Thomas • San Antonio • San Francisco • Tampa • Torrance • Tucson • Washington

# Exhibit E

**Ogletree**
**Deakins**

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

*Attorneys at Law*

One Federal Place
1819 Fifth Avenue North, Suite 1000
Birmingham, AL 35203-2118
Telephone: 205.328.1900
Facsimile: 205.328.6000
www.ogletreedeakins.com

CHRISTOPHER A. MIXON
DIRECT DIAL:  (205) 714-4408
E-MAIL:  Christopher.Mixon@ogletreedeakins.com

May 7, 2008

Carolyn N. Lam, Esq.
John D. Saxon, P.C.
2119 Third Avenue North
Birmingham, AL 35203

Re:    **Delvin L. Baldwin v. Hyundai Motor Manufacturing Alabama, LLC**

Dear Carolyn:

We have still not received your initial disclosures or responses to our written discovery requests. Please provide your disclosures and responses by the close of business on May 19, 2008, or we will be forced to file a motion to compel.

Please feel free to call us if you have any questions or would like to discuss this matter.

Very truly yours,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

*(Dictated but not reviewed)*

Christopher A. Mixon, Esq.

CAM/jhd

cc:    J. Trent Scofield, Esq.